UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY CZECHOWSKI & MARY CZECHOWSKI,<br><br>   Plaintiffs,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:17-cv-01113<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME the Plaintiffs, GARY CZECHOWSKI & MARY CZECHOWSKI ("Plaintiffs"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Shellpoint's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Shellpoint's unlawful conduct relates to a debt incurred by Plaintiffs in this District.

**PARTIES**

5. Plaintiffs are consumers and natural persons over 18 years-of-age who owned real property located at 3021 Concord Lane, Wadsworth, Illinois 60083 ("subject property").

6. Defendant Shellpoint is a Delaware corporation with its principal place of business located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462 and its registered agent is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Shellpoint is a foreign company whose primary business is the collection of debts owed to others and servicing loans across the country, including the State of Illinois.

7. Shellpoint qualifies as a "debt collector" because the principal purpose of its business is to collect debts, and because it regularly collects or attempts to collect debts owed to another party.

**BANKRUPTCY CASE**

8. In October 2005, Plaintiffs executed a mortgage and note ("subject loan" or "subject debt") in favor of Countrywide secured by the subject property.

9. Bank of America ("BOA") subsequently acquired the subject loan.

10. Plaintiffs defaulted on the subject loan in June 2015.

11. On August 27, 2015, Plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-29404 ("bankruptcy").

12. Schedule D of the bankruptcy petition listed the subject loan, a pre-petition debt owed to BOA secured by the subject property, in the amount of $153,578.00. *See* Exhibit A, a true and correct copy of Schedule D filed in Plaintiffs' bankruptcy case.

13. On August 30, 2015, by virtue of listing BOA as a creditor, the Bankruptcy Noticing Center ("BNC") served BOA with Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing upon BOA.

14. On October 8, 2015, the 341 Meeting of Creditors was held with the Chapter 7 Trustee. No representative of BOA appeared at the 341 Meeting of Creditors.

15. After Plaintiffs' bankruptcy filing, BOA transferred the subject loan to Select Portfolio Servicing, Inc. ("SPS").

16. On December 8, 2015, the Bankruptcy Court entered an Order of Discharge in Plaintiffs' case of all dischargeable debts, including the subject debt. *See* Exhibit C, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon BOA.

17. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally...." *Id.* at p. 1.

18. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by BOA or any other party.

19. Plaintiffs' personal liability on the subject loan was extinguished via their bankruptcy discharge, thus terminating the business relationship with BOA and any of its successors and assigns.

### SHELLPOINT'S POST-DISCHARGE COMMUNICATIONS

20. In December 2016, after Plaintiffs' discharge, Shellpoint acquired the servicing rights to the subject loan.

21. After it acquired the servicing rights to the subject loan, with actual knowledge of Plaintiffs' Chapter 7 bankruptcy and subsequent discharge, Shellpoint attempted to collect the subject debt from Plaintiffs.

22. On December 9, 2016, over one year after the discharge injunction had taken effect, Shellpoint sent Plaintiffs a dunning letter informing Plaintiffs that servicing rights to the subject loan had been transferred to Shellpoint. *See* Exhibit D, a true and correct copy of the December 9, 2016 dunning letter Shellpoint sent to Plaintiffs.

23. Attached to the December 9, 2016 dunning letter was a detachable payment coupon instructing Plaintiffs to return to Shellpoint with payment in the amount of $1,527.59. *Id*.

24. The December 9, 2016 dunning letter also included information regarding payment options. *Id.*

25. On December 27, 2016, Shellpoint sent Plaintiffs a letter regarding Shellpoint's intent to commence foreclosure proceedings and further stated:

> "Because you have not taken steps to resolve the delinquency, we have been instructed by the owner of your mortgage loan to commence foreclosure. In addition to foreclosing on the property, the owner of the mortgage loan may seek a *deficiency judgment* against *you* if the proceeds from the foreclosure sale do not pay off the amount *you owe* on the mortgage loan." (emphasis added)
>
> *See* Exhibit E, a true and correct copy of the December 27, 2016 letter Shellpoint sent to Plaintiffs.

26. The December 27, 2016 letter unlawfully threatened Plaintiffs with the entry of a personal deficiency judgment against them in the event that the foreclosure sale proceeds are insufficient to satisfy the subject debt.[1] *Id.*

27. On December 28, 2016, Shellpoint sent Plaintiffs a dunning letter labeled "Mortgage Statement" demanding payment on the subject debt. The dunning letter included detachable payment coupon instructing Plaintiffs to return to Shellpoint with payment towards the discharged subject debt. *See* Exhibit F, a true and correct copy of the dunning letter sent by Shellpoint to Plaintiffs.

28. The December 28, 2016 dunning letters threatened:

> "you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms *of your credit obligations*[2]." *Id.* (emphasis added)

29. The December 28, 2016 dunning letter further stated, "Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

30. All of Shellpoint's collection efforts occurred after the subject loan was in default and after the subject debt was discharged in Plaintiffs' bankruptcy.

---

[1] Plaintiffs are not liable to Shellpoint for a deficiency amount, or any amount, pursuant to the Order of Discharge entered on December 8, 2015. *See* Exhibit C.

[2] Shellpoint is prohibited from any such reporting on Plaintiffs' respective credit reports as the subject property was surrendered in Plaintiffs' bankruptcy in satisfaction of the subject debt. Furthermore, the underlying subject debt was discharged in Plaintiffs' bankruptcy thus prohibiting any further collection attempts against Plaintiffs by BOA, SPS, Shellpoint, or any other creditor. Plaintiffs are no longer subject to any "credit obligations" related to the subject loan and Shellpoint pursuant to the Order of Discharge entered on December 8, 2015. *See* Exhibit C.

**DAMAGES**

31. Plaintiffs suffered from emotional distress due to Shellpoint's unlawful attempts to collect the discharged subject debt as they were led to believe that their bankruptcy had no legal effect. The dunning letters were highly confusing and upsetting to Plaintiffs.

32. Plaintiffs were unduly inconvenienced and harassed by Shellpoint's unlawful attempts to collect the discharged subject debt.

33. Concerned about the violations of their rights and protections afforded by their bankruptcy discharge, Plaintiffs sought the assistance of counsel to ensure that Shellpoint's collection efforts ceased.

34. Plaintiffs have incurred attorney's fees as a result of Shellpoint's deceptive collection actions.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiffs restate and reallege paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff Gary Czechowski is a "consumer" as defined by FDCPA §1692a(3).

37. Plaintiff Mary Czechowski is a "consumer" as defined by FDCPA §1692a(3).

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

39. Shellpoint is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party.

40. Moreover, Shellpoint is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

41. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

42. Shellpoint violated 15 U.S.C. §§1692e, e(2), e(5), e(10), f, and f(1) through its debt collection efforts on a debt discharged in bankruptcy.

    a. **Violations of FDCPA §1692e**

43. Shellpoint violated §1692e by making false representations in its attempts to collect the subject debt as the subject debt was not owed at the times Shellpoint made demands on the subject debt.

44. Shellpoint violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the times Shellpoint demanded payment because it was discharged in Plaintiffs' bankruptcy.

45. Shellpoint violated §1692e(5) when it threatened to report Plaintiffs to the credit bureaus for nonpayment of the subject debt. Plaintiffs are not liable to any amounts asserted to be due or owed to Shellpoint pursuant to the Order of Discharge. *See* Exhibit C.

46. Shellpoint violated §1692e(10) when it falsely represented that the subject debt was collectible at the times of the demands as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge.

**b. Violations of FDCPA §1692f**

47. Shellpoint violated §1692f by employing unfair and unconscionable means to collect the subject debt by sending dunning letters attempting to collect the subject debt which was discharged in Plaintiffs' bankruptcy and not owed.

48. Shellpoint violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the discharge injunction precludes collection of any discharged debt.

49. Shellpoint attempted to dragoon and induce Plaintiffs into paying a debt that was not legally owed.

50. As an experienced creditor and debt collector, Shellpoint knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

51. Shellpoint knew or should have known that Plaintiffs' discharged debt was uncollectable and not owed as a matter of law.

52. Upon information and belief, Shellpoint has no system in place to identify and cease collection of debts discharged in bankruptcy.

WHEREFORE, Plaintiffs GARY CZECHOWSKI & MARY CZECHOWSKI request that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

53. Plaintiffs restate and reallege paragraphs 1 through 34 as through fully set forth herein.

54. Plaintiff Gary Czechowski is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

55. Plaintiff Mary Czechowski is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

56. Shellpoint is engaged in commerce in the State of Illinois with regard to Plaintiffs, the subject loan, and the subject property. Shellpoint specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business.

57. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the *concealment*, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**a. Deception and Unfairness**

58. Shellpoint violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by using fraud, deception, and misrepresentations in its attempt to collect the subject debt after Plaintiffs' bankruptcy discharge.

59. Shellpoint's demands for payment on the subject debt, which was duly scheduled and subsequently discharged in Plaintiffs' bankruptcy, represents the use of false pretenses and

9

misleading communications to attempt to collect a debt that was not owed at the time the demands for payment were made.

60. It was unfair for Shellpoint to mislead Plaintiffs into believing the subject debt is still owed, when it is not.

61. It was unfair for Shellpoint to seek to collect the subject debt from Plaintiffs through misleading statements and dunning letters.

62. It was unfair for Shellpoint to attempt to induce Plaintiffs into making payments on an uncollectible debt by sending dunning letters to Plaintiffs.

63. Shellpoint intended that Plaintiffs rely on its misrepresentations and Plaintiffs did in fact rely on Shellpoint's misrepresentations as they were led to believe that their bankruptcy had no legal effect and that they still owed the subject debt to Shellpoint.

64. Shellpoint's demands were unfair and deceptive because they were systematically calculated to mislead Plaintiffs into believing the subject debt was owed, when in fact the subject debt was discharged in Plaintiffs' bankruptcy.

65. As pled above, Plaintiffs have suffered damages as a result of Shellpoint's unlawful collection practices.

66. Upon information and belief, collecting discharged debts is an unfair and deceptive business practice willfully employed by Shellpoint to maximize its profits at the expense of Illinois consumers.

67. Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

68. An award of punitive damages is appropriate because Shellpoint's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiffs and consumers, generally, and Plaintiffs had no choice but to submit to the dunning letters.

WHEREFORE, Plaintiffs GARY CZECHOWSKI & MARY CZECHOWSKI request that this Honorable Court:

a. Enter judgment in Plaintiffs' favor and against Shellpoint;
b. Award Plaintiffs their actual damages in an amount to be determined at trial;
c. Award Plaintiffs their punitive damages in an amount to be determined at trial;
d. Award Plaintiffs their reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiffs demand trial by jury.**

Dated: February 13, 2017　　　　　　　　Respectfully Submitted,

/s/ Omar T. Sulaiman

/s/ Omar T. Sulaiman
Omar T. Sulaiman ARDC#6322837
*Counsel for Plaintiffs*
Sulaiman Law Group, LTD
900 Jorie Blvd, Suite 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575- 8188